**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**Civil Case Number:** _____

_____ :
                               :
Wendy McCain,                  :
                               :
                    Plaintiff, :
vs.                            :
                               :
Applied Business Services,     :
                               :
                   Defendant.  :
                               :
_____ :

**COMPLAINT**

For this Complaint, the Plaintiff, Wendy McCain, by undersigned counsel, states as follows:

**<u>JURISDICTION</u>**

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA") in its illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Wendy McCain ("Plaintiff"), is an adult individual residing in Jacksonville, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and 559.55(2).

5.      The Defendant, Applied Business Services ("ABS"), is a North Carolina business entity with an address of 617 Soundside Road, Edenton, North Carolina 27932, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "creditor" as defined in 559.55(3).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

6.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to ABS for collection, or ABS was employed by the Creditor to collect the Debt.

9.      ABS attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  ABS Engaged in Harassment and Abusive Tactics

10.      By letter dated December 2, 2022, ABS contacted Plaintiff in an attempt to collect the Debt.

11.    In its letter, ABS stated that Plaintiff had until January 1, 2023, to submit a written dispute to ABS if she wished to obtain validation of the Debt.

12.    On or about December 19, 2022, Plaintiff returned the bottom tear off portion from ABS' letter to inform ABS that she disputed the Debt and requested validation.

13.    Prior to validating the Debt, ABS sent Plaintiff another letter dated January 5, 2023, in an attempt to collect the Debt.

14.    On or about January 12, 2023, Plaintiff called ABS to get an update on the dispute she previously submitted.

15.    ABS acknowledged receipt of Plaintiff's dispute.

16.    ABS admitted to Plaintiff that it sent Plaintiff another collection letter prior to validating the Debt.

17.    ABS claimed that they continued to attempt to collect the Debt from Plaintiff because ABS did not receive a response from the Creditor regarding Debt validation.

18.    During every conversation Plaintiff had with ABS, Plaintiff informed ABS that the Debt was a medical debt subject to a workers' compensation claim and that Plaintiff was not responsible for the repayment of the Debt.

19.    In complete disregard of notice of the workers' compensation claim, ABS continued to harass Plaintiff to collect the Debt.

20.    ABS' actions caused Plaintiff a great deal of confusion, frustration and distress.

**C.  Plaintiff Suffered Actual Damages**

21.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22.    As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, fear and frustration.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

23.    The Plaintiff incorporates by reference Paragraphs 1 through 17 of this Complaint as though fully stated herein.

24.    The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

25.    The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

26.    The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

27.    The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

28.    The Defendant's conduct violated 15 U.S.C. § 1692g(b) in that Defendant continued collection efforts even though the debt had not been verified.

29.    The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.    The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE FLORIDA CONSUMER
## COLLECTION PRACTICES ACT, FLA. STAT. §§ 559.55-559.785

31.     The Plaintiff incorporates by reference Paragraphs 1 through 17 of this Complaint as though fully stated herein.

32.     The Defendant willfully communicated with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(7).

33.     The Defendant claimed, attempted, or threatened to enforce a debt when such person knew that the debt was not legitimate or asserted the existence of some other legal right when such person knew that the right did not exist, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(9).

34.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat.§ 559.77;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and Fla. Stat.§ 559.77;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77;

4.  Punitive damages pursuant to Fla. Stat. § 559.77; and

5.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 7, 2023

Respectfully submitted,

By      */s/ Sergei Lemberg*

Sergei Lemberg, Esq.
FL Bar No.: 1026228
LEMBERG LAW, LLC
11555 Heron Bay Boulevard, Suite 200
Coral Springs, FL 33076
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: slemberg@lemberglaw.com